**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                  PLAINTIFF

v.                                         NO. 4:07CR00103 JLH

BARRY J. JEWELL                                                                                 DEFENDANT

**OPINION AND ORDER**

The government has filed a motion for stay pending appeal in which it asks that the Court stay its order directing that the notice of *lis pendens* filed by the government claiming an interest in Jewell's residence be removed. The government has cited as authority 28 U.S.C. § 1355(c), which provides:

> In any case in which a final order disposing of property in a civil forfeiture action or proceeding is appealed, removal of the property by the prevailing party shall not deprive the court of jurisdiction. Upon motion of the appealing party, the district court or the court of appeals shall issue any order necessary to preserve the right of the appealing party to the full value of the property at issue, including a stay of the judgment of the district court pending appeal or requiring the prevailing party to post an appeal bond.

Although the statute governs only civil forfeiture actions, and this is a criminal action, the government has argued that the Court can look to that statute for guidance in deciding whether to stay its order pending appeal. In addition to the fact that the statute applies only to civil forfeiture actions, it also applies only in cases of a final order disposing of property, whereas, here, there has been no final order disposing of any property.

Though § 1355(c) probably does not govern the issue of whether to stay the order in this case, the standard for whether to stay the order is probably the same whether or not that statute applies. The cases interpreting that statute have held that the usual standards for determining whether to grant

a stay pending appeal apply under § 1355(c). *See, e.g.*, *United States v. Various Tracts of Land in Muskogee and Cherokee Counties*, 74 F.3d 197, 198 (10th Cir. 1996); *In re All Funds in Accounts the Names Registry Pub'g, Inc.*, 58 F.3d 855, 856 (2nd Cir. 1995). The usual standards require the Court to consider, first, whether the moving party may suffer irreparable harm without a stay; second, the harm to the opposing party or other parties if the stay is granted; third, whether the moving party has demonstrated a substantial likelihood of success on appeal; and, fourth, any public interests that may be affected. *Various Tracts*, 74 F.3d at 198; *All Funds*, 58 F.3d at 856. These are the same factors that the Eighth Circuit has said must be considered in determining whether to grant a stay pending appeal. *James River Flood Ass'n v. Watt*, 680 F.2d 543, 544 (8th Cir. 1982).

The predominant consideration in this case is the government's likelihood of success on the merits. Recognizing that this is an issue of first impression in the Eighth Circuit, nevertheless, this Court is convinced that the government's chances of success are slim. While a ruling in the government's favor would not require the Eighth Circuit to overrule any precedent, it would require the Eighth Circuit to construe nearly identical language in 21 U.S.C. § 853(c) and § 853(e)(1) differently, which seems highly unlikely. Trial in this case is scheduled to begin on September 2, 2008. It seems highly unlikely that the Eighth Circuit could decide this case on the merits before then. If this Court is correct that the Eighth Circuit ultimately will affirm, the government will have succeeded in the unlawful imposition of a notice of *lis pendens* through trial, which is not an acceptable outcome. If the notice of *lis pendens* is unlawful, and this Court believes it is, Jewell is entitled to have it removed.

The other factors do not outweigh this consideration. On the first factor, the government argues that Jewell's residence may be encumbered or sold before a final decision on the merits, and

so, it may suffer irreparable harm if the stay is denied. On the second factor, Jewell's ability to sell or encumber his residence is, as a practical matter, impacted by the notice of *lis pendens*. Jewell argues that the notice of *lis pendens* effectively prohibits him from refinancing his mortgage in order to provide for his defense, and so, causes him irreparable harm. The fourth factor is whether there are public interests involved. In this instance, there is a public interest in making sure that proceeds of criminal activity are available for restitution to victims of that activity, but there is also a public interest in making sure that the property rights of innocent parties are not unfairly impaired, as well as a public interest in making sure that each criminal defendant has sufficient resources to present a defense and thereby obtain a fair trial. Considering all of the factors required to be considered by *Various Tracts*, *All Funds*, and *James River Flood Association*, the Court is convinced that a stay would not be appropriate.

For these reasons, the motion for stay is DENIED. Document #120.

IT IS SO ORDERED this 23d day of July, 2008.

*/s/ J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE