FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

AUG 14 2008

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES OF AMERICA                                         PLAINTIFF

v.                    Criminal No. 4:07-cr-00103 JLH

BARRY J. JEWELL                                                  DEFENDANT

ORDER

BEFORE the Court is the Government's Motion to take Rule 15(a) Deposition and Request for Expedited Ruling. (Doc. No. 158). The Defendant has responded to the motion. (Doc. No. 163). The undersigned has been referred these Motions by United States District Judge J. Leon Holmes. (Doc. No. 161). The Court has considered the motion, response and argument of counsel and finds as follows:

**1. Background**

The Government requests authority to take a deposition of Scott D. Fletcher, to preserve Mr. Fletcher's testimony for trial. The Government states that it intends to call Mr. Fletcher as a witness at the trial of this matter. Further, the Defendant indicates in his response to the motion that he has served a "trial subpoena" on Mr. Fletcher for appearance at trial on September 2, 2008. Counsel for Defendant acknowledges he received the motion and notice of the proposed deposition on Monday, August 11, 2008.

In its motion, the Government states the "United States was very recently advised that Fletcher is scheduled to leave the State of Arkansas, Tuesday, August 19, 2008, to have neurosurgery in the state of Virginia, on a tumor in Mr. Fletcher's brain." Counsel for the Government states he learned of the surgery on Friday, August 8, 2008. According to the motion filed, the surgery is

-1-

scheduled to take place on August 25, 2008, and the trial of this matter is set to begin on September 2, 2008. The Government states that it seeks the deposition to preserve the testimony of Mr. Fletcher for trial in the event he is unable to attend because of the scheduled brain surgery. The Government asserts there is a reasonable likelihood Mr. Fletcher will be unavailable for trial on September 2, 2008. In support of this assertion the Government offered the letter of Dr. Vitaly Kantoriovich, M.D., dated August 13, 2008, stating Mr. Fletcher:

> "is scheduled to have surgery at the University of Virginia during the last week of August. Pituitary surgeries, when performed by experienced surgeon, usually carry low risk of complications. The recovery typically takes several weeks, during which patient can have headaches, pain and discomfort in the surgical area and transient edocrine abnormalities. In about 10-20% of cases complications can be significantly more serious and include bleeding, infection, leak of cerebrospinal fluid and pituitary failure. These conditions are potentially devastating and require hospitalization and prolonged treatment."

*See* Plaintiff's Exhibit "A" from the August 14, 2008, hearing.

At the hearing held on August 14, 2008, regarding this motion, the Government also offered the testimony of Special Agent Dan Elliot of the Internal Revenue Service, who testified that Mr. Fletcher was expected to provide testimony related to the Counts 1 and 5 of the Indictment in this case. SA Elliot testified he anticipated the testimony of Mr. Fletcher would include the following areas related to the issues raised by the indictment:

a. Mr. Fletcher was a partner of the Defendant in the law firm where both worked;

b. The division of responsibility for firm business between the various partners;

c. The nature of the law firms computer back up system, a system for saving copies of various documents. Mr. Fletcher is expected to testify specifically about a digital computer backup device/tape he delivered to law enforcement authorities;

d. The transfer of funds to Scanning Technology Inc. (STI) from the law firm's client trust account;

e. Defendant's statement to Mr. Fletcher that Defendant had forged a document

relevant to the pending indictment;

f. Defendant's statement to Mr. Fletcher that Defendant could not cooperate with law enforcement officials in regards the "Evans Transactions."

## 2. Rule 15 Depositions

Rule 15(a) of the Federal Rules of Criminal Procedure governs the taking of depositions in federal criminal cases. Rule 15 (a) states in part: "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of *exceptional circumstances and in the interest of justice....*" The stated objective of Rule 15(a) is the preservation of evidence for use at trial. *See U.S. v. Hutchings*, 751 F.2d 230, 236 (8th Cir.1984).

The decision to grant or deny a motion to take a deposition rests within the sound discretion of the trial court. *See U.S. v. Adcock*, 558 F.2d 397, 406 (8th Cir.1977). In *Adcock*, the Eighth Circuit Court of Appeals affirmed the district court's denial of taking depositions of nineteen government witnesses because the defendant sought to depose individuals as a method of pre-trial discovery. *See id.* at 406. The Eighth Circuit Court of Appeals has found "exceptional circumstances" in authorizing the deposition of four witnesses who engaged in a ten day hunger strike and were found to be suffering ill effects. *See U.S. v. Terrazas-Montano*, 747 F.2d 467, 469 (8th Cir.1984). The burden is on the moving party to prove the necessity for preserving prospective witnesses' testimony by a deposition. *See U.S. v. Adcock*, 558 F.2d at 406. Further, as pointed out by the Defendant, the Eighth Circuit Court of Appeals appears to require the party seeking a Rule 15 Deposition to "show the witness's unavailability and the materiality of the witness's testimony." *U.S. v. Liner*, 435 F.3d 920, 924 (8th Cir. 2006).[1]

---

[1] The Government cites *U.S. v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998) for the proposition that "Rule 15(a) does not require any conclusive showing of "unavailability" or "material testimony" before a deposition can be taken in a criminal case. Rule 15(a) only requires that the trial court find that due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial.

Rule 15(c) also provides that the Defendant shall be allowed to appear and "confront" any witness whose testimony is preserved by deposition. The rule provides that the Government will provide the Defendant with a copy of any statement made by the witness in the possession of the Government, to which the Defendant would be entitled at trial. *See* FED. R. CRIM. P. 15(e)(3).

### 3. Analysis

In this case, the Government seeks to depose a witness who is scheduled for brain surgery, in another state, one week prior to the start of the trial in this case. The Government has established, through the letter of one of the witness's treating physicians, the likelihood that the witness will be unavailable for trial. The Government further asserts that in the event the witness has recovered from the surgery sufficiently to testify live, it will have the witness appear at trial for live testimony.

The Defendant in this case is a lawyer charged with conspiracy to commit mail fraud and money laundering, primarily related to the alleged misuse of Defendant's client trust fund account. Defendant is also charged with tax evasion. The Government has established that the witness at issue will give testimony regarding several factual issues related to the charges in the Indictment. The witness will testify about the division of responsibility between the partners of the law firm including the Defendant. He will testify about statements made by the Defendant regarding some of the acts alleged in the indictment. He will testify about the law firm's computer back-up system and the documents retrieved from that system. The witness's testimony is clearly material to the issues raised in this case.

Pursuant to Rule 15 and *U.S. v. Liner*, the Government has established that "exceptional

---

Fed.R.Crim.P. 15(a)." In light of *Liner*, this does not appear to be the law in the Eighth Circuit.

circumstances" exist in this case. I find that the interests of justice will be served by allowing the preservation of testimony of this witness for possible use at the trial of this case. The Government's Motion for Rule 15 Deposition should be granted. The Defendant is not in custody and should be allowed to attend the deposition. Further, the deposition examination and cross-examination should not exceed the scope and manner of trial testimony. The Government should be ordered to pay the cost of the transcript of the deposition and provide a copy to the Defendant.

**IT IS THEREFORE ORDERED** the Government's Motion to take Rule 15(a) Deposition and Request for Expedited Ruling (Doc. No. 158) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Depostion of Scott Fletcher take place at 10:00 a.m. on Monday August 18, 2008. at the office of the United States Attorney, the Defendant shall be allowed to attend the deposition, and both the examination and cross-examination of the witness be of the same scope and manner as would be allowed during the trial of this matter. The Government is ordered to pay for the cost of the transcript of the deposition and to provide a copy to the Defendant.

**IT IS SO ORDERED** this **14th day of August, 2008.**

_____
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE



## UAMS
### COLLEGE OF MEDICINE
#### DEPARTMENT OF INTERNAL MEDICINE
UNIVERSITY OF ARKANSAS FOR MEDICAL SCIENCES

**DIVISION OF ENDOCRINOLOGY AND METABOLISM**

**UAMS CENTER FOR OSTEOPOROSIS AND METABOLIC BONE DISEASE**

4301 W. Markham St., #587
Little Rock, AR 72205-7199

501-686-5130
501-686-8148 (fax)

www.uams.edu/com

August 13, 2008

Magistrate Judge Barry A. Bryant
United States District Court
Eastern District of Arkansas, Western Division
600 W. Capitol Avenue
Little Rock, Arkansas 72201

RE: Mr. Scott Fletcher's pituitary surgery

Mr. Scott D. Fletcher is my patient treated at the UAMS Endocrinology for pituitary adenoma (form of a benign intracranial tumor). He is scheduled to have surgery at the University of Virginia during the last week of August. Pituitary surgeries, when performed by experienced surgeon, usually carry low risk of complications. The recovery typically takes several weeks, during which patient can have headaches, pain and discomfort in the surgical area and transient endocrine abnormalities. In about 10-20% of cases complications can be significantly more serious and include bleeding, infection, leak of cerebrospinal fluid and pituitary failure. These conditions are potentially devastating and require hospitalization and prolonged treatment.

Best regards,

*[signature]*, M.D.

Vitaly Kantorovich, M.D.
Assistant Professor of Medicine
Division of Endocrinology and Metabolism
Department of Internal Medicine
College of Medicine
University of Arkansas for Medical Sciences
ACRC, Suite 817
4301 West Markham St., Slot #587
vkantorovich@uams.edu
Phone  (501) 686-5130
Fax      (501) 686-8148
Little Rock, AR 72205-7199


PLAINTIFF'S EXHIBIT A

—ESTABLISHED 1879—

*Arkansas Children's Hospital (ACH) and the Central Arkansas Veterans' Healthcare System (CAVHS) are comprehensive clinical, teaching and research affiliates of the College of Medicine at the University of Arkansas for Medical Sciences. UAMS faculty physicians and surgeons are on staff at ACH and CAVHS.*

Issued by the
CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
SIXTH DIVISION

**SUBPOENA DUCES TECUM**

BARRY J. JEWELL                                                                                              PLAINTIFF

VS.                                              CASE NO. CV-2003-6891

KEITH MOSER, SCOTT FLETCHER,
JEWELL, MOSER, FLETCHER & HOLLEMAN, and
JMF ENTERPRISES, INC.                                                                       DEFENDANTS

**TO:   Scott Fletcher**

X      **YOU ARE COMMANDED,** to appear at the place, date and time specified below to testify in the taking of a deposition in the above case.

Place of Deposition: 212 Center Street, Suite 100, Little Rock, Arkansas 72201
Date and Time:   August 18, 2008, 8:30 a.m.

X      **YOU ARE COMMANDED,** at the time of the deposition described above, to produce and permit inspection and copying of the following documents or objects (list document or objects):

**1. Please bring a copy of the back-up tape of all data and documents from the Jewell, Moser, Fletcher & Holleman, A Professional Association ("JMFH") server.**

**2. Please bring all documents (or data stored on any computer or server) with regard to accounting matters related to JMFH.**

**3. Please bring all documents (or data stored on any computer or server from which documents may be printed) regarding any trust accounts maintained by JMFH or its attorneys.**

**4. Please bring all documents pertaining to JMF Enterprises, Inc. including but not limited to, all bank statements and cancelled checks.**

PLAINTIFF'S
EXHIBIT
8

5. Please bring a copy of any assignment from JMF Enterprises, Inc. to you of any Country Club membership.

6. Please bring a list of any personal property which you received from JMFH or JMF Enterprises, Inc.

7. Please bring copies of all monthly statements from Chenal Country Club which were paid by JMF Enterprises, Inc.

8. Please bring copies of all correspondence from August 1, 2002 from you to any other person or entity in which Barry Jewell's name is mentioned.

9. Please bring a copy of the deposition you gave in the matter of Darla English v. Jim English, Pulaski County Case No. 2001-4160.

---

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, management agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Arkansas Rules of Civil Procedure 30(b)(6).

---

Issuing Officer Signature and Title (Indicate if Attorney for Plaintiff or Defendant)

*[Signature]*
Barry J. Jewell, Ark. Bar No. 84081
Pro Se

Date: August 7, 2008

Issuing Officer's Name, Address, and Phone Number:
Barry J. Jewell
Jewell Law Firm, P.A.
57 Laval Circle
Little Rock, Arkansas 72223
(501) 868-4144

PAT O'BRIEN
PULASKI COUNTY CIRCUIT CLERK  *[Signature]* DC

|  | PROOF OF SERVICE |  |
|---|---|---|
| Date: _____ | Place: _____ | |

SERVED:

| Served On (Print Name) | Manner of Service |
|---|---|

| Served By (Print Name) | Title |
|---|---|

|  | DECLARATION OF SERVER |  |
|---|---|---|

I declare, under penalty of perjury under the laws of the State of Arkansas, that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

Date: _____         Signature of Server  _____

                              Address of Server    _____

                                                   _____

### NOTICE TO PERSONS SUBJECT TO SUBPOENAS

Regardless of his or her county of residence, a witness subpoenaed for examination at a trial or hearing must be properly served with a subpoena at least two days prior to the trial or hearing, or within a shorter time if the court so orders. The subpoena must be accompanied by a witness fee calculated at the rate of $30.00 per day for attendance and $0.25 per mile for travel from the witness' residence to the place of the trial or hearing. Rule 45(d), Ark. R. Civ. P.

A witness subpoenaed in connection with a deposition must be properly served with a subpoena at least five business days prior to a deposition, or within a shorter time if the court so orders. The witness is required to attend a deposition at any place within 100 miles of where he or she resides, is employed, or transacts business in person, or at such other convenient place set by court order. The subpoena must be accompanied by a witness fee calculated at the rate of $30.00 per day for attendance and $0.25 per miles for travel from the witness' residence to the place of the deposition. Rule 45(e), Ark. R. Civ. P.

A subpoena may command the person to whom it is directed to produce for inspection any books, papers, documents, or tangible things designated in the subpoena. The person subpoenaed may ask the court to quash or modify the subpoena if it is unreasonable or oppressive or to require that the person on whose behalf the subpoena is issued pay the reasonable cost of such production. Rule 45(b), Ark. R. Civ. P. If the subpoena is issued in connection with a deposition, the person subpoenaed may object in writing to inspection or copying of any or all of the designated materials or seek a protective order from the court. If a written objection is made within ten days of service of the subpoena or on or before the time specified for compliance if such time is less than ten days, the party causing the subpoena to be issued is not entitled to inspect the materials unless the court so orders. Rule 45(d), Ark.R.Civ. P.

When a witness fails to attend in obedience to a subpoena or intentionally evades the service of a subpoena by concealment or otherwise, the court may issue a warrant for arresting and bringing the witness before the court to give testimony and answer for contempt. Rule 45(g), Ark. R. Civ. P.