**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                  PLAINTIFF

v.                                        Criminal No. 4:07-cr-00103 JLH

BARRY J. JEWELL                                                           DEFENDANT

## O R D E R

**BEFORE** the Court is the Motion to Quash Subpoenas (Doc. No. 156) filed herein by Omar

Greene, Bruce Eddy, and Kimberly Witherspoon ("Movants").  The undersigned has been referred

these Motions by United States District Judge  J. Leon Holmes.  (Doc. No. 161).    The Court has

considered this motion, Defendant's response to this motion (Doc. No. 165), and finds as follows:

## 1.  Background[1]

On July 23, 2008, Defendant caused three different subpoenas *duces tecum* to be served on

Omar Greene, Bruce Eddy, and Kimberly Witherspoon ("Movants").  All three of these subpoenas

command the appearance of each of the three Movants at the upcoming trial of Barry J. Jewell,

Defendant in this action.  Trial is currently set to begin on September 2, 2008.  All three of the

subpoenas request the production of the following:

> Any and all correspondence; e-mails; memos and written communications of any
> nature relating to your representation of Bobby Keith Moser and communications
> with investigators of the Federal Government, including representatives of the Anti-
> Trust Division of the Department of Justice; the United States Attorney's Office for
> the Eastern District of Arkansas; and the United States Attorney's Office for the
> Eastern District of Michigan (Southern Division), relating to any plea discussions;
> offers; conditions or agreements.  And, any and all correspondence; e-mails; memos

---

[1] The background is taken from the Motion to Quash Subpoenas (Doc. No. 156) and Defendant's response
thereto (Doc. No. 165).

and other written documents in your possession or control relating to negations with the Internal Revenue Service or any state investigations or Prosecuting Attorneys on behalf of Bobby Keith Moser.

(Doc. No. 156, Exhibits A-C).

All three Movants are or were employed by the Federal Public Defender's Office of the Eastern and Western Districts of Arkansas and previously represented Bobby Keith Moser.  Movants request that all three of these subpoenas be quashed pursuant to FED. R. CRIM. P. 17(c)(2).  (Doc. No. 156).  Movants claim these subpoenas should be quashed because they seek  (1) the disclosure of information covered by the attorney-client privilege and the work-product doctrine; (2) the disclosure of information under FED. R. CRIM. P. 17(c)(1) without a showing of good cause; and (3) the disclosure of information where the request for that information is overly broad, ambiguous, and void for vagueness.  *See id.*

In response, Defendant claims these subpoenas were not intended to request "attorney-client privileged information or attorney work-product."  (Doc. No. 165, Page 2).  In a letter to the Federal Public Defender's Office, counsel for Defendant, Samuel A. Perroni, reiterated that "in case there is any doubt, we are not requesting any work product or privileged communications." (Doc. No. 165, Exhibit A).  Instead, Defendant claims he is only seeking "any communications between the lawyers representing Keith Moser and representatives of the Department of Justice, the FBI, an the IRS" and "copies of written communications between counsel for Moser and any state prosecutors." (Doc. No. 165, Pages 2-3).

**2.  Discussion**

Pursuant to FED. R. CRIM. P. 17(c)(1), a subpoena in a federal criminal case "may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates."

This rule, however, was not intended to provide a means of discovery in criminal cases.  *See U.S. v. Nixon,* 418 U.S. 683, 698-99 (1974).  Instead, this rule was to "expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *Id.*  In order to obtain the subpoenaed materials *before trial,* the defendant or party who subpoenaed the documents must be able to establish the following: (1) that the requested materials are evidentiary and relevant; (2) that the requested materials are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to dely the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." *See id.*[2]

In this case, however, the issue is not whether Defendant can obtain the items *before trial.*[3] Instead, the issue is whether the requested materials should be produced *at all.*  FED. R. CRIM. P. 17(c)(2) provides the guidelines for determining whether materials requested pursuant to a Rule 17(c)(1) subpoena should be produced *at all*.  FED. R. CRIM. P. 17(c)(2) provides that, "[o]n motion made promptly, the court may quash or modify the subpoena [issued pursuant to FED. R. CRIM. P. 17(c)(1)] if compliance would be unreasonable or oppressive."  Accordingly, pursuant to FED. R. CRIM. P. 17(c)(2), this Court is authorized to quash these three subpoenas if two requirements are met: (1) the motion to quash is timely filed and (2) compliance with the subpoena would be

---

[2] Movants cite these factors in support of their claim that Plaintiff is not entitled to the requested materials. (Doc. No. 156, Page 4).  These factors, however, relate to *the timing* of the production, not to the issue of whether the requested materials should be produced or not.

[3] With these subpoenas, Defendants is only requesting that these items be brought *to trial* on September 2, 2008.  (Doc. No. 156, Exhibits A-C).

unreasonable or oppressive.

First, it is undisputed that these three subpoenas were served in July of 2008.  (Doc. No. 156, Exhibits A-C).[4]  Movants filed this Motion to Quash on August 11, 2008.  Therefore, this motion to quash is considered "timely filed."  Second, this Court must determine whether compliance with these subpoenas would be "unreasonable or oppressive."  There is no clear standard for determining whether compliance with a subpoena is "unreasonable and oppressive," and such a determination is left to the discretion of the trial court.  *See U.S. v. McGrady,* 508 F.2d 13, 18 (8th Cir. 1974).

The Eighth Circuit has held that a subpoena *duces tecum* may be quashed or modified if it seeks "irrelevant or privileged" materials.  *See id.*  Such "privileged" material may include information covered by the attorney-client privilege and the work-product doctrine.  The attorney-client privilege covers "confidential communications made for the purpose of facilitating the rendition of professional legal services to the client."  FED. R. EVID. 502(b).  The work-product doctrine protects materials and mental impressions, including thought processes, opinions, conclusions, and legal theories, obtained or prepared in anticipation of litigation.  *See Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1328 (8th Cir. 1986).

As noted above, in this case, Defendant is seeking "[a]ny and all correspondence; e-mails; memos and written communications of any nature relating to your [the Movant's] representation of Bobby Keith Moser."  (Doc. No. 156, Exhibits A-C).  Defendant is also seeking "any and all" materials (which would include *internal* and *external* correspondence, e-mails, and written documents) related to the Movants' negotiations with third parties on behalf of their client, Bobby

---

[4] Movants claim they were served on July 23, 2008.  (Doc. No. 156, Page 1). Defendant does not dispute this claim.

Keith Moser. *See id.*   However,  Defendant stated in his Response to this Motion that, with these three subpoenas, he was not seeking any "attorney-client privileged information or attorney work product."  (Doc. No. 165, Page 2).

All three of the Movants have represented Bobby Keith Moser at some point.  (Doc. No. 156, Page 1).  Accordingly, based upon the somewhat broad wording of these subpoenas, they seek both confidential communications between an attorney (the Movants) and his or her client (Bobby Keith Moser) or materials that were prepared by an attorney for a client in anticipation of litigation.  Such information is clearly privileged and should not be produced pursuant to FED. R. CRIM. P. 17(c)(1). To the extent the Movants can respond to these three subpoenas with information not covered by the attorney-client privilege or the work-product doctrine, Movants are directed to respond pursuant to FED. R. CRIM. P. 17(c)(1).

The Court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence."  This rule, however, was not intended to provide a means of discovery in criminal cases.  *See U.S. v. Nixon,* 418 U.S. 683, 698-99 (1974).  Instead, this rule was to "expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *Id.*   In this case I find that early production of the requested materials and documents will expedite the trial in this case.

## 3. Conclusion

With these three subpoenas, Defendant seeks privileged information covered by the attorney-client privilege and the work-product doctrine.  This information should not be produced under FED. R. CRIM. P. 17(c)(1).  Movants are, however, directed to produce any information responsive to these subpoenas that are not covered by the attorney-client privilege or the work-product doctrine.

**IT IS THEREFORE ORDERED** that the Motion to Quash Subpoenas (Doc. No. 156) is

**GRANTED** in part and **DENIED** in part.  Movants are not required to produce information subject

to the attorney-client privilege or any other applicable privilege.  The Movants are directed to

provide any non-privileged materials and documents, responsive to the subpoenas, to The Perroni

Law Firm within three business days after receipt of this order.  The Perroni Law Firm is directed

to serve this Order on Omar Greene, Bruce Eddy, and Kimberly Witherspoon.

**IT IS SO ORDERED** this **15th day of August, 2008.**


/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE