IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                         NO. 4:07CR00103 JLH

BARRY J. JEWELL                                                                       DEFENDANT

## OPINION AND ORDER

Barry Jewell has filed a motion for new trial on two grounds. First, he asserts that the government violated *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), by withholding material evidence that was favorable to Jewell. Secondly, Jewell argues that he has discovered new evidence that was unavailable to him at the time of trial.

The Eighth Circuit has said:

Under *Brady*, the defendant must establish that (1) the evidence at issue is material and favorable to the defendant; (2) the evidence was suppressed by the government; and (3) the defendant was prejudiced by the suppression in that there is "'a reasonable probability that had the evidence been disclosed to the defense, the result of the proceeding would have been different.'"

*United States v. Parker*, 267 F.3d 839, 846 (8th Cir. 2001) (quoting *Strickler v. Greene*, 527 U.S. 263, 280, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999) and *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985)). The evidence allegedly known to the government but withheld from the defense is a statement by Edwin L. Bird made to an FBI agent during a telephone call sometime during 2008. Bird's affidavit states that the agent asked whether his involvement with the fund involved Keith Moser or Barry Jewell, and Bird said, "I informed him that it was Moser's deal and not Jewell's, and he said something to the effect of 'that's what we thought,' and then he

hung up."[1]  The comment from Bird to the FBI agent does not constitute *Brady* material.  That comment is not exculpatory to Jewell nor would it have changed the outcome of the trial.  Moser testified on direct examination that he incorporated the Christian Missionary Fund and controlled it.  The government never argued that Jewell incorporated or controlled the Christian Missionary Fund.  Instead, it argued that he participated in it by paying his own children's educational expenses through it, and that one of his clients, Edwin Bird, also participated in it with his knowledge.  It is undisputed that Bird participated in the Christian Missionary Fund.  It is also undisputed that Jewell handled Bird's pension plan, which means that he was one of Jewell's clients.  Furthermore, the government introduced during trial a letter to the University of Tennessee Health Science Center in Memphis, Tennessee, enclosing a check as payment of the tuition for Daniel E.L. Bird.  The letter purports to bear Barry Jewell's signature, and Keith Moser testified that it was Barry Jewell's signature.  Thus, the government proved that Jewell knew that Bird participated in the Christian Missionary Fund.  Bird's comment to the FBI agent that the Christian Missionary Fund was "Moser's deal and not Jewell's" does not contradict any of those facts.  That the Christian Missionary Fund was "Moser's deal and not Jewell's" is a fact that Jewell certainly knew – it is not something of which he could be ignorant.  Furthermore, if all of the references to Edwin Bird's participation in the Christian Missionary Fund were stricken, the outcome of the trial would not be

---

[1] Attached to Bird's affidavit are copies of four letters signed by Keith Moser enclosing checks from the Christian Missionary Fund to the University of Tennessee - Memphis for the account of Daniel Bird or to Daniel Bird.  Jewell does not argue that the government had copies of these letters but withheld them from him.  The government has submitted an affidavit from Bird stating that he did not supply these letters to Jewell and argues, therefore, that they were available to Jewell from some source other than the government.  Because Jewell does not argue that the government had these letters but suppressed them, the Court will not address them in this opinion and order.

changed. That the Christian Missionary Fund was a sham in which Barry Jewell participated is unaffected by the information presented in Jewell's motion for new trial.[2]

Jewell's motion for new trial based on newly discovered evidence relies upon a recorded conversation between Scott Fletcher, who testified at trial, and Steve Perry, a former client of Fletcher's, on October 27, 2006. During that conversation, Fletcher made comments that show animosity toward Jewell. The Eighth Circuit has said that to justify a new trial based on newly discovered evidence, "(1) the evidence must have been discovered after trial; (2) the failure to discover this evidence must not be attributable to a lack of due diligence on the part of the movant; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be likely to produce an acquittal if a new trial is granted." *United States v. Duke*, 255 F.3d 656, 659 (8th Cir. 2001). The newly discovered evidence presented by Jewell would show that Fletcher had a bias against Jewell, which is to say that it is merely impeachment. Furthermore, it was abundantly evident at trial that Fletcher had animosity toward Jewell. The recorded conversation between Fletcher and Perry would confirm what was proven at trial but would add nothing new. Such evidence is insufficient to warrant a new trial.

## CONCLUSION

For the reasons stated above, Barry Jewell's motion for new trial is DENIED. Document #267.

---

[2] Jewell asserts in a footnote in his brief that the government did not prove that Jewell or Bird actually took fraudulent deductions for Christian Missionary Fund donations. Jewell did not make that argument at trial. Furthermore, Moser's testimony confirmed that Jewell participated for the purpose of taking fraudulent deductions. Moser testified at page 459 of the transcript that he would take a deduction for the amount contributed to the Christian Missionary Fund. He then testified, "I used it that way, Barry used it that way, and certain clients used it that way."

IT IS SO ORDERED this 9th day of March, 2009.

                                                          _____
                                                          J. LEON HOLMES
                                                          UNITED STATES DISTRICT JUDGE