**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

BARRY J. JEWELL                                                                                          PETITIONER

v.                                            No. 4:07CR00103 JLH

UNITED STATES OF AMERICA                                                                      RESPONDENT

**OPINION AND ORDER**

Barry J. Jewell, a lawyer, was convicted of aiding and abetting tax evasion[1] in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2(b). He was sentenced to a term of imprisonment of 30 months and a fine of $25,000. The term of imprisonment was a variance downward from the guideline range of 41 to 51 months, while the fine was within the guideline range of $7,500 to $75,000. Jewell appealed and the Eighth Circuit affirmed. *United States v. Jewell*, 614 F.3d 911 (8th Cir. 2010). The United States Supreme Court denied Jewell's petition for writ of certiorari. *Jewell v. United States*, 131 S. Ct. 1677 (March 21, 2011). Jewell has filed a timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Jewell's motion under § 2255 asserts three grounds for relief. He argues first that his sentence is unreasonable because the Court assessed a fine without considering his financial condition and without making specific findings of fact regarding his ability to pay the fine. He argues second that his sentence is unreasonable because the Court gave significant weight to an improper factor, *i.e.*, the statement in the amended sentencing opinion that Carl Evans entered into a settlement with the IRS regarding his 2000 tax liability, which Jewell says was a false assertion by the Court. He argues third that his sentence is unreasonable because the Court gave significant

---

[1] The tax return at issue was the 2000 tax return of Carl and Patricia Evans.

weight to an improper factor, *i.e.*, the statement in the amended sentencing opinion that Jewell lied or testified falsely in a deposition that was played at trial. The Court said that Jewell testified falsely in that deposition when he denied that any of the money loaned to Scanning Technologies came from Keith Moser or him. Jewell says he testified truthfully.

None of Jewell's three grounds for relief was raised on direct appeal. Jewell contends that there is cause for the failure to raise these issues on direct appeal inasmuch as the Eighth Circuit denied his request to file a brief containing 24,000 words and limited the brief to 18,500 words. As a result, Jewell says, his lawyer was forced to omit several issues including all of the sentencing issues due to space limitations. Jewell has submitted an affidavit from his lawyer, Samuel A. Perroni, saying that he found 30 appellate issues that he believed would have resulted in reversal of the conviction but was forced to abandon 15 of those issues because of space limitations. Perroni also says that it would have been illogical to use some of the limited space to address issues related to sentencing when the possibility existed that the conviction might be reversed.

A claim that could have been raised on direct appeal but was not may not be raised for the first time in a § 2255 motion. *United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Lindsey v. United States*, 615 F.3d 998, 1000 (8th Cir. 2010) (quoting *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998)).

The Fourth Circuit has twice considered the issue of whether page limitations imposed by an appellate court can constitute "cause" for failing to raise an issue on direct review, and on both occasions the Fourth Circuit has held that page limitations imposed by an appellate court do not

constitute cause for procedural default. *Mueller v. Angelone*, 181 F.3d 557, 584-85 (4th Cir. 1999); *Weeks v. Angelone*, 176 F.3d 249, 272 (4th Cir. 1999). As the court explained in *Mueller*, "[t]he actual cause of default in this case is not the page limit, however, but rather petitioner's strategic choice of which of his manifold claims to focus on." *Mueller*, 181 F.3d at 585. The district courts that have addressed the issue likewise have held that page limits imposed by an appellate court do not constitute cause for failing to raise an issue on direct review. *Pinnell v. Belleque*, 638 F. Supp. 2d 1231, 1258 (D. Or. 2009); *Lewis v. Wheeler*, 2009 WL 588957, *27 (W.D. Va. March 6, 2009).

Here, as in *Mueller*, the cause for Jewell's failure to raise the sentencing issues on direct appeal was not the page limitations imposed by the Eighth Circuit. Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure provides that the principal brief on appeal may contain no more than 14,000 words. Jewell was granted permission to file an over-length brief not to exceed 18,500 words. While he wanted to have an even longer brief than that, he was nevertheless given ample opportunity to raise the issues on appeal that he wished to raise. As in *Mueller*, the cause of default in this case is not the page limit but rather Jewell's strategic choice of which of his many claims to raise. In short, Jewell cannot establish cause for the procedural default.

Nor can Jewell establish that he was prejudiced by the fact that these issues were not raised on direct appeal.

Jewell's first ground for relief is that the sentence is unreasonable because the Court assessed a fine without considering his financial condition and without make specific findings of fact regarding his ability to pay the fine. Jewell is correct in stating that the Court erred in failing to make specific findings of fact on the record but incorrect when he says that the Court did not consider his financial condition. According to the presentence report, Jewell had total assets of $244,221 and

total debts of $141,975, leaving a net worth of $102,246; and he had a monthly income of $13,032, with expenses of $11,040, leaving a net monthly cash flow of $1,992. The presentence report found that restitution was mandatory in the amount of $737,436. Even though Jewell had substantial assets and substantial income, the writer of the presentence report concluded that he could not pay both a fine and restitution. The Court sustained Jewell's objection to the restitution requirement and declined to order Jewell to pay restitution. While the presentence report was undoubtedly correct that Jewell could not pay a fine in addition to several hundred thousand dollars in restitution, the statement of financial condition in the presentence report (to which there was no objection) showed that Jewell could pay a fine if restitution were not imposed.

Jewell is correct, as noted, that the Court erred in failing to make specific findings on the record regarding imposition of the fine. The Eighth Circuit will vacate a sentence imposing a fine when the district court does not make specific findings and remand for redetermination. *United States v. Allmon*, 500 F.3d 800, 807-08 (8th Cir. 2007). Thus, if Jewell had raised on direct review, the Eighth Circuit would have remanded to this Court for a redetermination of the propriety of the fine. On remand the Court would have reimposed the fine of $25,000, making specific findings as to the factors to be considered pursuant to 18 U.S.C. § 3572(a).

Jewell's second ground for relief is that the sentence is unreasonable because the Court gave significant weight to an improper factor, *i.e.*, the Court's statement that Carl Evans entered into a settlement with the IRS regarding his 2000 tax liability, which Jewell says is false. Reference to the settlement between Carl Evans and the IRS appears in three places in the amended sentencing opinion. The first is at the conclusion of the introductory section stating the facts, where the Court wrote, "In 2007 the IRS disallowed the tax exempt status of the CRE Enterprises, Inc. Profit Sharing

Trust retroactive to 2002 and reached a settlement with Evans pursuant to which Evans was not sanctioned." Document #292, p. 4. The second is in a description of Jewell's argument regarding whether there was a tax loss. The Court stated, "Jewell next argues that there is no tax loss because Evans has paid taxes on funds withdrawn from [the specific accounts], and in 2007 Evans entered into a settlement with the IRS pursuant to which he paid additional taxes but did not pay penalties and was not subject to any sanctions." Document #292, p. 8. The third is in the section of the amended sentencing opinion ruling in favor of Jewell on the restitution issue. The Court stated, "The IRS has entered into a settlement with Evans pursuant to which Evans has or will pay the taxes that should have been paid in 2000. Consequently, the Court will not impose restitution as a requirement of supervised release." Document #292, p. 22. Nowhere in the opinion did the Court rely on the existence of a settlement between Evans and the IRS as a basis for imposing a sentence greater than otherwise would have been imposed.[2] The only ruling by the Court made in reliance on the settlement agreement was the ruling in Jewell's favor on the issue of restitution.[3] Jewell cannot

---

[2] Although Jewell presents this as a sentencing issue, his argument actually is that the IRS acquiesced in the 2000 tax return of Carl Evans and therefore recognized that it was not fraudulent, which is to say that he is innocent. He further says that the facts were not as they were presented by the government at trial, which again is to say that he is innocent. While a procedural default may be excused in cases of actual innocence, the "actual innocence exception to the procedural default rule is not available to remedy errors in noncapital sentencing." *Lindsey*, 615 F.3d at 1001.

[3] A settlement agreement involving Evans and the IRS was introduced during Evans's direct examination as Gov. Ex. 5-23. Evans testified that he entered into the agreement with the IRS on August 10, 2007. Tr. 116. He testified that he paid additional taxes to the IRS as a result of that agreement. Tr. 116. When asked about the agreement on cross-examination, he testified that he was not fined or sanctioned by the IRS. Tr. 163-64. Jewell's accountant also testified regarding the settlement agreement. Tr. 273-74, 277-78. He said, in part, that the settlement agreement was negotiated by a criminal defense lawyer who represented Evans. Tr. 278. Jewell says that the settlement agreement did not relate to Evans's 2000 tax return. Because the alleged misstatement regarding the settlement agreement had no consequence adverse to Jewell, the

show that any prejudice from the fact that the Court said in the amended sentencing opinion that there was a settlement agreement between Evans and the IRS, even if the Court inaccurately described that agreement.

Jewell's third ground for relief is that the sentence is unreasonable because the Court gave significant weight to an improper factor, *i.e.*, the Court's statement that he had lied or testified falsely in a deposition that was played at trial.[4] Jewell says that he testified truthfully in that deposition and that the Court's statement to the contrary is an error. The Court stated that Jewell had testified falsely in the deposition in one paragraph in the amended sentencing opinion, and that paragraph addressed Jewell's request for a downward departure under U.S.S.G. § 5K2.20 on the ground that the conviction was aberrant behavior. Document #292, p. 13-14. As the Court noted in the opinion, aberrant behavior is "a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life." Docket #292, p. 12 (quoting Application Note 1 to § 5K2.20). The Court discussed each of the three elements of the definition of "aberrant behavior" and concluded that none of those elements was present. The offense involved significant planning, was not of limited duration, and did not represent a marked deviation by the defendant from an otherwise law-abiding life. The statement that Jewell had testified falsely in the

---

Court has not retrieved a copy of the settlement agreement from the parties for review in connection with this opinion and therefore assumes, *arguendo*, that Jewell is correct in his description of the terms of the settlement agreement.

[4] The government contended that Jewell and Moser stole client funds from a trust account, invested the funds in a company called Scanning Technologies, and wrote letters to clients to lull them into believing that their funds were safe. Jewell's deposition from a civil case was played to the jury in connect with a count charging conspiracy to commit mail fraud based on that conduct. Jewell was acquitted on that count.

deposition was made in the context of explaining that the conviction in this case did not represent a marked deviation by Jewell from an otherwise law-abiding life. It was one of several examples of sham transactions and dishonest dealings by Jewell. The Court believed then, and believes now, that Jewell testified falsely in that deposition.[5] Nevertheless, if that statement were removed from the opinion, it would not change Jewell's sentence. Jewell would not have qualified for the aberrant behavior downward departure under § 5K2.20 even if it were proven that he testified truthfully in that deposition. Jewell does not challenge any of the other findings by the Court that went into the determination that he did not qualify for a downward departure based on aberrant behavior. The reasons for the sentence imposed were stated in the discussion of the factors that 18 U.S.C. § 3553(a) says must be considered. Document #292, pp. 16-18. Jewell's testimony in the deposition was not mentioned in that discussion, and it was not mentioned there because it was not a part of the Court's consideration of the appropriate sentence under § 3553(a). Jewell cannot show prejudice.

## CONCLUSION

Jewell raises three grounds for relief in his § 2255 motion. All three of them assert that his sentence is unreasonable. He raised none of these grounds for relief on direct appeal. He cannot establish cause for failing to raise them on direct appeal or prejudice as a result. Therefore, his motion for relief under § 2255 is DENIED. Document #322.

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

---

[5] Jewell testified that none of the money invested in Scanning Technologies came from him or Moser, but his lawyer stated in the opening statement that those funds were not client funds (which was the government's theory) but were fees belonging to Jewell and Moser. "So if a client gives the attorney fees and the fees go in a trust account, then it's the attorney's money . . . that's what the evidence is going to be in this case." Tr. 70.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when a prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 528 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000).  The Court does not believe that jurists of reason would find it debatable whether the petition states a valid claim or whether it is barred by procedural default.  Therefore, no certificate of appealability will issue.

    IT IS SO ORDERED this 26th day of May, 2011.

                                          J. LEON HOLMES
                                          UNITED STATES DISTRICT JUDGE